1958 2nd Ave, #114

San Diego, CA, 92101

(202) 827-6121

**AMAN ABERA, IN PRO PER**

**IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

AMAN ABERA,    Plaintiff -Appellees,

v.

SAN DIEGO PACIFICVU LLC; GREG HINCHY; J. WILLIAM HINCHY; KIMBALL, TIREY & ST. JOHN LLP; CHARLES GREGORY BILLINGER; NICOLE MARIE RIVERA; PETER F. MURRAY, **in his individual and official capacity as a judicial officer**; BLAINE K. BOWMAN, **in his individual and official capacity as a judicial officer;** SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; DOES 1 through 50, inclusive,    Defendants-Appellees.

**Case No. 25-3659** (Appeal from Case **No. 3:25-cv-01437-RBM-DEB**, U.S. District Court, Southern District of California)

**EMERGENCY SUPPLEMENTAL NOTICE IN SUPPORT OF STAY PENDING APPEAL**

**EMERGENCY SUPPLEMENTAL NOTICE REGARDING ERRONEOUS APPLICATION OF ROOKER-FELDMAN AND FAILURE TO SCREEN CASE**

**IMMEDIATE REQUEST—ONGOING IRREPARABLE HARM**

**MERGENCY REQUEST—IMMINENT IRREPARABLE HARM. LOCKOUT SCHEDULED FOR JUNE 9, 2025—NOT YET EXECUTED AS OF JUNE 10, 2025, 6:00 PM**

District Court Case No.: 3:25-cv-01437-RBM-DEB
Ninth Circuit Docket No.: (To be assigned)

Related Superior Court Case: San Diego Sup. Ct. Case No. 24UD014810C
Related Appellate Division Case: 25LA000054C

- 1 -
**EMERGENCY SUPPLEMENTAL NOTICE IN SUPPORT OF STAY PENDING APPEAL**

**To the Honorable Court:**

Plaintiff-Appellant **Aman Abera** submits this **Emergency Supplemental Notice** in support of his **Emergency Motion for Stay Pending Appeal,** addressing **critical errors in the district court's dismissal** and reinforcing the necessity of **federal intervention under 42 U.S.C. § 1983.**

### I. The District Court's Application of Rooker-Feldman Is Erroneous

The district court dismissed Plaintiff's case on the grounds that it was **barred by the Rooker-Feldman doctrine**, asserting that Plaintiff sought to overturn a state court ruling. This conclusion is **factually and legally incorrect** for the following reasons:

1. **Plaintiff's claims do not seek appellate review of a state court judgment.**
    - Plaintiff's action is **not an appeal of a state court ruling** but a **civil rights lawsuit challenging constitutional violations by state actors**.
    - The **Rooker-Feldman doctrine applies only when a plaintiff seeks relief that would effectively reverse a state court decision**—Plaintiff does not seek such relief.

2. **Plaintiff's claims fall squarely within the scope of 42 U.S.C. § 1983.**
    - **Congress enacted § 1983 precisely to address cases where state actors violate constitutional rights under color of law.**
    - Plaintiff alleges **systemic procedural suppression, judicial retaliation, and state-sponsored targeting**, which are **independent constitutional violations**—not mere grievances with a state court ruling.

3. **Federal courts retain jurisdiction over civil rights claims, even when related to state court proceedings.**
    - The Supreme Court has **explicitly held that Rooker-Feldman does not bar federal review of independent constitutional claims** (see **Skinner v. Switzer, 562 U.S. 521 (2011)**).

    o  Plaintiff's claims **challenge the conduct of state officials, including judicial officers, in violating due process protections**—this is **not a state court appeal**.

## II. The District Court Failed to Properly Screen the Case Before Dismissal

The district court **dismissed Plaintiff's case solely on financial eligibility grounds**, but this determination was **based on a clear error**:

1. **Plaintiff's financial disclosure was misinterpreted due to extreme time constraints.**
   - Plaintiff, under **intense pressure while preparing a compelling complaint and TRO/OSC**, inadvertently listed **less than $10,000 per month** instead of clarifying **total earnings over the past 12 months**.
   - The **attached supplemental document explicitly confirmed Plaintiff's Medi-Cal enrollment**, demonstrating **low income status**—which should have prompted further inquiry.

2. **The court failed to consider Plaintiff's documented financial hardship.**
   - **Plaintiff is enrolled in Medi-Cal**, a state program for low-income individuals—this alone should have **raised judicial scrutiny** rather than immediate dismissal.
   - **No substantive review of Plaintiff's financial status was conducted**, reinforcing the need for reconsideration.

3. **Premature dismissal obstructs due process.**
   - The court **did not screen the constitutional claims**, instead **foreclosing review based on an erroneous financial determination**.
   - **This procedural failure exacerbates ongoing harm**, reinforcing the necessity of judicial engagement.

## III. Ongoing Irreparable Harm Warrants Immediate Stay

Plaintiff is **currently unhoused as of June 9, 2025**, due to **forced displacement from unlawful writ enforcement**. The **failure to engage with the constitutional violations at issue** has resulted in **ongoing harm**, necessitating **immediate judicial intervention**.

## IV. Relief Requested

Plaintiff respectfully requests the following relief:

a. Immediate stay of enforcement actions pending appeal.

b. Reconsideration of dismissal based on erroneous application of Rooker-Feldman.

c. Proper screening of Plaintiff's claims under 42 U.S.C. § 1983.

For these reasons, Plaintiff urges the Court to **grant emergency relief** and ensure **meaningful judicial engagement** with the constitutional violations presented.

**Respectfully submitted,**

Dated: June 11, 2025

                                            AMAN ABERA

                                            Petitioner-Appellant, pro se